Antwan F. PINCKNEY, Plaintiff,

v.

**SLM FINANCIAL CORP., and Sallie Mae Servicing, a Division of Sallie Mae, Inc., Defendants.**

No. 1:04–CV–3764–WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 9, 2005.

---

588

Gary Jay Leshaw, Leigh Braslow Altman, Gary Leshaw and Associates, Decatur, GA, for Plaintiff.

James William Martin, Simpson Law Offices, Atlanta, GA, for Defendants.

## ORDER

HUNT, District Judge.

This matter is before the Court on Defendants' Motion to Join Donna M. Logan As a Party Defendant Pursuant to Fed. R. Civ. p. 19[13]. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

Plaintiff filed the present suit, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and state law claims for negligence, invasion of privacy and libel. According to Plaintiff, Defendants have attempted to hold him liable as an alleged co-signor for a loan between Defendants and Ms. Donna Logan ("Logan"). Defendants informed Plaintiff of his purported liability when Logan did not make her scheduled payments. Plaintiff acknowledges that he knows Logan, although he contends that he never authorized or co-signed a loan on her behalf. In response to Defendants' contacts, Plaintiff submitted an Affidavit of Forgery form to Defendants, representing that the signatures on the loan documents did not belong to him. Plaintiff also contacted three credit reporting agencies, disputing his obligation for this loan and seeking removal of the loan from his credit report or an investigation into the allegedly incorrect information. The credit reporting agencies thereafter contacted Defendants (as the providers of the information) about Plaintiff's dispute with the information in his credit report. Plaintiff further contacted Defendants, requesting that they take action to have the loan removed from his credit report. According to Plaintiff, Defendants did not correct the false information, nor did they properly investigate the issue after receiving notice of Plaintiff's dispute from both Plaintiff and the credit reporting agencies; therefore, he filed the present lawsuit.

Presently, Defendants are before the Court seeking to add Donna Logan as a Defendant to this action pursuant to Fed. R.Civ.P. 19. The Court addresses the substance of this motion below.

## II. DISCUSSION

Defendants argue that joinder of Donna Logan is necessary for an appropriate adjudication of this claim, because Logan's actions, that resulted in Defendants' approval

of the loan, are the originating point for both Plaintiff's claims against Defendants and Defendants' claims against Logan. Logan's actions, argue Defendants, are the proximate cause of Plaintiff's damages. Once joined, Defendants represent that they intend to file a cross-claim against Logan pursuant to Fed.R.Civ.P. 13(h),[1] although they do not specify what claims they intend to file. In support of their position that Logan is an indispensable party pursuant to Rule 19, Defendants submit that she initiated the chain of events leading to the harm alleged in Plaintiff's complaint. But for Logan's tortious conduct, argue Defendants, no harm would have occurred to Plaintiff.

■ The purpose of Rule 19 "is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 482 (7th Cir. 2001). Rule 19 sets forth a two-part analysis. First, the court must determine whether the absent person is a necessary party that should be joined under Rule 19(a).[2] *Laker Airways, Inc. v. British Airways*, 182 F.3d 843, 847 (11th Cir.1999). There is no precise formula for determining whether a person is a necessary party. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Whether a particular nonparty is necessary to an action is heavily influenced by the facts and circumstances of each case. However, when making its determination, the Court must consider whether complete relief can be granted with the present par-

ties, and whether the absent party has an interest in the disposition. Fed.R.Civ.P. 19(a). Rule 19 does not set forth a rigid or mechanical formula for decision. *See e.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116 n. 12, 88 S.Ct. 733, 741 n. 12, 19 L.Ed.2d 936 (1968). Rather, it is designed to encourage courts to apprise themselves of the "practical considerations" of each individual case in light of the policies underlying the rule. *See id.*

■ Assuming, without deciding that jurisdiction exists with respect to both Logan and the claims Defendants intend to assert against her, the Court nevertheless finds that under the facts of this case Defendants have not satisfied the first requirement for joinder under Rule 19, as they cannot establish that Logan is a necessary or indispensable party to this litigation. Plaintiff alleges in the present case that after being put on notice of Plaintiff's dispute concerning his liability for the loan, Defendants nevertheless failed repeatedly to conduct a proper investigation into the issue, review the relevant information and report the results to the credit reporting agencies, as required by the FCRA and state laws. The issue in the present case is not whether Logan fraudulently obtained the loan, or whether Defendants properly authorized the loan, but instead concerns whether Defendants adequately responded to Plaintiff's dispute about his liability for that loan in compliance with the FCRA. Defendants do not explain how complete relief between the existing parties cannot be granted with respect to the issue in this case without the presence of Logan. Although

---

**1.** Federal Rule of Civil Procedure 13(h) states: "**Joinder of Additional Parties**. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

**2.** Federal Rule of Civil Procedure 19(a) provides:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the sub-

ject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

**590**

Defendants may wish to pursue a claim against Logan, if they determine that she obtained the loan fraudulently, such claim is distinct from the present allegation that Defendants violated the FCRA and other Georgia laws when they failed to take appropriate action with respect to Plaintiff's complaints. Therefore, Defendants' motion to join Logan as an indispensable party to this action under Fed.R.Civ.P. 19 is DENIED.[3]

### CONCLUSION

For the reasons set forth above, Defendants' Motion to Join Donna M. Logan As a Party Defendant Pursuant to Fed. R. Civ. p. 19[13] is DENIED.

---

**3.** Defendants concede in their brief that Logan is not an appropriate third-party defendant pursuant to Fed.R.Civ.P. 14. Specifically, Defendants state: "Further, Donna M. Logan is not a proper third party defendant since, to the extent either SLM or Sallie Mae has any liability to Plaintiff under FCRA or Georgia law, Donna M. Logan does not have liability to Defendants for all or some portion of those unknown amounts." Def. Motion to Join [13] at p. 7; *see also, Fields v. Experian Information Solutions, Inc.,* 2003 WL 1960010 at *1–2 (N.D.Miss. April 16, 2003)(holding that Rule 14 does not authorize impleading the individual who fraudulently obtained lines of credit in Plaintiff's name in a case involving Plaintiff's FCRA and state law claims against the credit reporting agency for publishing erroneous information on her credit report).